| JOSÉ ARTURO MOLINA CARRIÓN | | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan |
|---|---|---|
| Demandante - Recurrido | KLCE202301469 | |
| v. | | Civil núm.: SJ2023CV05556 (801) |
| MUNICIPIO AUTÓNOMO DE SAN JUAN, et al | | |
| Demandado - Peticionario | | Sobre: Daños y Perjuicios |

Panel integrado por su presidente, el juez Sánchez Ramos, el juez Pagán Ocasio, el juez Marrero Guerrero y la jueza Boria Vizcarrondo.

Sánchez Ramos, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 9 de febrero de 2024.

El Tribunal de Primera Instancia ("TPI") denegó la desestimación de una demanda de daños y perjuicios contra un municipio. Según se explica a continuación, en las circunstancias particulares de este caso, no era necesario que el demandante notificara al municipio de su reclamación, dentro del término de 90 días desde los hechos, del modo pretendido por dicha parte.

I.

En junio de 2023, el Sr. José Arturo Molina Carrión (el "Demandante") presentó la acción de referencia, sobre daños y perjuicios (la "Demanda"), en contra, en lo pertinente, del Municipio de San Juan (el "Municipio"). Alegó que, el 29 de junio de 2022, "fue objeto de un disparo por la policía municipal", lo cual fue producto de negligencia imputable al Municipio.

El Municipio presentó una *Moción en Solicitud de Desestimación por falta de Notificación* (la "Moción"). Planteó que el Demandante no había cumplido con el requisito de notificación previa al Municipio dispuesto en la Ley 107-2020 (el "Código Municipal").

El Demandante se opuso a la Moción. Resaltó que, el 1 de agosto de 2022, "33 días luego de los hechos, se presentó una querella administrativa en la División Inspección y Asuntos Disciplinarios" del Municipio. Por tanto, arguyó que el Municipio tuvo una pronta oportunidad de tomar conocimiento de los hechos y así realizar la investigación correspondiente. Planteó que, "[d]e esta manera[,] quedó notificado" el Municipio de "los hechos que motivan" la Demanda.

Mediante una Resolución notificada el 15 de noviembre (la "Resolución"), el TPI denegó la Moción. El TPI razonó que, aun luego de la aprobación del Código Municipal, seguían vigentes y aplicables las excepciones al requisito de notificación al Municipio. El TPI concluyó que, en este caso, "exigir el requisito de notificación no es práctico ni salvaguarda los intereses que se buscan proteger con su exigencia".

El TPI advirtió que, dentro del término contemplado por ley, el Demandante presentó una "querella formal ante la División Inspección y Asuntos Disciplinarios del Municipio", así como "otro ciudadano también [presentó] otra por el mismo incidente". Por tanto, el TPI concluyó que el Municipio "tuvo conocimiento de la identidad de los testigos del disparo, direcciones, teléfonos, datos del policía envuelto, narrativo escrito del evento, imputación de negligencia y responsabilidad civil, fecha, lugar, causa y naturaleza general del daño sufrido". Incluso, el TPI consignó que, "ya para el 30 de agosto de 2022, se estaba citando a uno de los testigos como parte de la investigación administrativa de la policía municipal".

El 20 de noviembre, el Municipio solicitó la reconsideración de la Resolución; en esencia, subrayó que, desde la enmienda a la antigua ley de municipios autónomos realizada mediante la Ley 121-2018, era requisito jurisdiccional la notificación al Municipio. El Demandante se opuso y, mediante una Orden notificada el 30 de

noviembre, el TPI denegó la referida moción de reconsideración.

Inconforme, el 27 de diciembre, el Municipio presentó el recurso que nos ocupa, en el cual reproduce lo planteado al TPI en la Moción. Disponemos.

II.

El Artículo 1.051 del Código Municipal, 21 LPRA sec. 7082, exige, como condición para demandar por daños a un municipio, que se notifique al mismo dentro de los 90 días siguientes a los hechos; el lenguaje actual dispone:

> Toda persona que tenga reclamaciones de cualquier clase contra un municipio por daños personales o a la propiedad, ocasionados por la culpa o negligencia del municipio, deberá presentar una notificación escrita dirigida al Alcalde, haciendo constar en forma clara y concisa la fecha, lugar, causa y naturaleza general del daño sufrido. En dicha notificación se especificará, además, la cuantía de la compensación monetaria o el tipo de remedio adecuado al daño sufrido, los nombres y direcciones de sus testigos y la dirección del reclamante, y en los casos de daño a la persona, el lugar donde recibió tratamiento médico en primera instancia.

> (a) Forma de entrega y término para hacer la notificación.

> Dicha notificación se entregará al Alcalde, se remitirá por correo certificado a la dirección designada por el municipio o por diligenciamiento personal, acudiendo a la oficina del Alcalde durante horas laborables, y haciendo entrega de la misma a su secretaria personal o al personal administrativo expresamente autorizado a tales fines.

> La referida notificación escrita deberá presentarse dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños reclamados. Si el reclamante está mental o físicamente imposibilitado para hacer dicha notificación en el término antes establecido, no quedará sujeto al cumplimiento del mismo, debiendo hacer la referida notificación dentro de los treinta (30) días siguientes a la fecha en que cese la incapacidad.

> Si el perjudicado fuere un menor de edad o una persona sujeta a tutela, la persona que ejerza la patria potestad o la custodia del menor, o el tutor, según fuere el caso, estará obligada a notificar al Alcalde la reclamación dentro de los noventa (90) días siguientes a la fecha en que tuvo conocimiento de los daños que se reclaman. Lo anterior no será obstáculo para que el menor o la persona sujeta a tutela haga la referida notificación por su propia iniciativa dentro del término prescrito, si quien ejerce la patria potestad, custodia o tutela no lo hace.

(b) Requisito jurisdiccional. —

No podrá responsabilizarse, ni iniciarse acción de clase alguna contra un municipio, en reclamaciones por daños causados por culpa o negligencia, a menos que el reclamante haga la notificación escrita, en la forma, manera y en los plazos de caducidad dispuestos en este Artículo. No constituirá una notificación válida, aquella que se presente en alguna otra entidad estatal o municipal que no sea la del municipio contra el que se presenta la reclamación.

Esta disposición es similar a otra que requiere notificación al Estado Libre Asociado de Puerto Rico antes de instar una demanda de daños contra dicha parte. 32 L.P.R.A sec. 3077a.

Este requisito de notificación persigue los siguientes fines: (1) proporcionar al gobierno la oportunidad de investigar los hechos que dan origen a la reclamación; (2) desalentar las reclamaciones infundadas; (3) propiciar un pronto arreglo de las mismas; (4) permitir la inspección inmediata del lugar del accidente antes de que ocurran cambios; (5) descubrir el nombre de las personas que tienen conocimiento de los hechos y entrevistarlas mientras su recuerdo es más confiable; (6) advertir a las autoridades de la existencia de la reclamación para que se provea la reserva necesaria en el presupuesto anual; y, 7) mitigar el importe de los daños sufridos mediante oportuna intervención ofreciendo tratamiento médico adecuado y proporcionando facilidades para hospitalizar al perjudicado. *Acevedo Ramos v. Municipio de Aguadilla*, 153 DPR 788, 801 (2001); *López v. Autoridad de Carreteras*, 133 DPR 243, 248 (1993); *Passalacqua v. Municipio de San Juan*, 116 DPR 618, 627 (1985); *Mangual v. Tribunal Superior*, 88 DPR 491, 494 (1963).

Debe tenerse en cuenta que este tipo de requisito se interpreta restrictivamente. *Zambrana Maldonado v. ELA*, 129 DPR 740, 756 (1992); *Passalacqua*, 116 DPR a la pág. 629; *Insurance Co. of P.R. v. Ruiz*, 96 DPR 175, 179 (1968); *Acevedo Ramos*, 153 DPR a la pág. 788; *López*, 133 DPR a la pág. 252.

### III.

Como cuestión de umbral, subrayamos que, en lo pertinente, no hay diferencia sustancial entre el lenguaje actual del Código Municipal, en cuanto al requisito de notificación en controversia, y el lenguaje estatutario anterior, el cual ha sido objeto de interpretación por el Tribunal Supremo de Puerto Rico en numerosas ocasiones a través de varias décadas.

Ahora, como desde al menos el 1980, el texto del estatuto dispone que el requisito es "jurisdiccional". En efecto, "tanto la ley de 1980 como la de 1991 titula[ba]n esta notificación como **'requisito jurisdiccional'**". *López*, 133 DPR a la pág. 250 n.1 (énfasis en original); véase, además, el texto estatutario citado en *Acevedo Ramos*, 153 DPR a las págs. 797-798.

Es por ello que, desde al menos 1963, se ha considerado que este requisito es indispensable, es decir, que esta notificación "es una parte esencial de la causa de acción y, a menos que se cumpla con la misma, no existe el derecho a demandar". *Mangual*, 88 DPR a la pág. 495; véanse, además, *López*, 133 DPR a la pág. 249; *Passalacqua*, 116 DPR a la pág. 628.

De forma similar, al igual que desde hace décadas, el estatuto actual requiere que la notificación vaya dirigida al alcalde del municipio y que contenga ciertos extremos en torno a los detalles de la reclamación. *Acevedo Ramos*, 153 DPR a las págs. 797-798.

Ahora bien, en ciertas circunstancias, el requisito sencillamente no es aplicable. No se trata de que se exima al litigante de cumplir con el requisito por "justa causa", sino de que "jurídicamente no [tiene] razón de ser aplicar el requisito [en ciertas] circunstancias ya que no fue para ellas que se estableció dicho requisito"[1]. *López*, 133

---

[1] La utilización, en parte de la jurisprudencia, del término "cumplimiento estricto", al referirse a este requisito, únicamente se refería al hecho de que, en ciertos contextos, el requisito sencillamente no aplicaba, no a que un litigante sería eximido de cumplir con el mismo si mostraba justa causa.

DPR a la pág. 252; véanse, además, *Meléndez Gutiérrez v. ELA*, 113 DPR 811, 815 (1983); *Romero Arroyo v. ELA*, 127 DPR 724, 736 (1991).

Así pues, el requisito de notificación en controversia no aplica "donde el esquema legislativo carece de virtualidad, propósito u objetivo y donde jurídicamente no hay razón para aplicarlo". *Acevedo Ramos*, 153 DPR a la pág. 799. Por ejemplo, el requisito de notificación no aplica cuando un municipio tiene "pleno conocimiento", previo y oportuno, de los hechos objeto de la reclamación. *Acevedo Ramos*, 153 DPR a la pág. 801.[2]

El hilo conductor de esta jurisprudencia es que el requisito no aplica cuando no tendría sentido exigir su cumplimiento a la luz del propósito del requisito. Por ello es crucial recordar el propósito del requisito: "poner sobre aviso [al Municipio] de que ha surgido una probable causa de acción por daños en su contra de modo que pueda activar sus recursos de investigación prontamente, antes de que desaparezcan los testigos y las pruebas objetivas en orden a la preparación de una adecuada defensa contra la reclamación o una transacción adecuada de la misma, cuando proceda". *Rivera de Vicenti v. ELA*, 108 DPR 64, 69 (1978); *Romero Arroyo,* 127 DPR a la pág. 734.

## IV.

En este caso, concluimos que el Demandante cumplió con el requisito de notificación al Municipio a través de la entrega por el Demandante, al Municipio, dentro del correspondiente término de 90 días, de un Formulario de Querella Administrativa (el "Formulario"), en el cual se proveen los detalles del incidente objeto de la Demanda.

---

[2] También se ha aclarado que el requisito de notificación no aplica en situaciones donde el riesgo de que la prueba objetiva pueda desaparecer es mínimo, donde hay constancia efectiva de la identidad de los testigos y donde el municipio, por tanto, puede fácilmente investigar y corroborar los hechos alegados en la demanda. *Acevedo Ramos v. Municipio de Aguadilla*, 153 DPR 788. 800 (2001); *Romero Arroyo v. ELA*, 127 DPR a las págs. 735-736; *Meléndez Gutiérrez v. ELA*, 113 DPR a la pág. 815.

Adviértase que, en circunstancias muy similares, en *Rivera Fernández v. Mun. Carolina*, 190 DPR 196, 209-210 (2014), igualmente se concluyó que un "informe de incidente" presentado en la alcaldía del municipio cumplió con el requisito de notificación en controversia. Ello, aunque el mismo no estaba dirigido, ni fue entregado, al alcalde, como lo requería (y aún lo requiere) el estatuto pertinente.

Al igual que en *Rivera Fernández*, 190 DPR a la pág. 209, el Formulario constituyó un "método de notificación previa que p[uso] sobre aviso al Municipio de una posible reclamación en su contra", y cuya entrega se hizo "de forma fehaciente en derecho". "No podemos arraigarnos al tecnicismo de que la persona que tiene que ser notificada es el alcalde, ya que lo verdaderamente importante es que el municipio quede notificado de la posible causa de acción". *Rivera Fernández*, 190 DPR a la pág. 209.

Al igual que se concluyó en *Rivera Fernández*, 190 DPR a la pág. 210, se cumplió el requisito aquí con la entrega al Municipio del Formulario, pues desde ese momento la información estuvo "en poder del Municipio", por lo que "este tenía conocimiento de los hechos, conociendo incluso la identidad de los testigos, lo cual pudo haber utilizado para investigar, corroborar o refutar los hechos". De hecho, en este caso, desde al menos finales de agosto (apenas dos meses luego de los hechos), ya el récord refleja que el Municipio había iniciado la investigación correspondiente. El "fin público se satisfizo desde el momento" en que se "entregó el formulario que el propio municipio" suple para hacer "constar las particularidades del incidente". *Rivera Fernández*, 190 DPR a la pág. 210.

Aun de concluirse que el requisito no se cumplió con la entrega del Formulario (lo cual, según expuesto arriba, no es correcto), la realidad es que, a la luz del propósito del requisito, no tenía razón de ser aplicar el mismo en estas circunstancias. Ello porque, con la

entrega del Formulario, se cumplió con el propósito del requisito, pues se puso sobre aviso de forma adecuada y oportuna al Municipio sobre los hechos objeto de la Demanda, de forma que la entidad tuviese la oportunidad de investigarlos prontamente. *Passalacqua*, 116 DPR a la pág. 632 (resolviendo que el requisito no aplica cuando el municipio es demandado y emplazado dentro del término requerido por ley para la notificación); *Rivera de Vicenti*, 108 DPR a la pág. 69 (resolviendo que este tipo de requisito no aplica cuando, "para todo efecto", el mismo sería un "gesto fútil e inoperante").

No podemos olvidar que "[t]enemos el deber de hacer que el Derecho sirva propósitos útiles sociales, no esquemas teóricos abstractos que arrojan resultados prácticos absurdos; tales como consagrar la pérdida de derechos por darle vitalidad a una condición o requisito que ya ha perdido su propósito, su razón de ser". *Passalacqua*, 116 DPR a la pág. 632. "[D]ebemos evitar una interpretación que pueda conducir a resultados absurdos e irrazonables". *Rivera Fernández*, 190 DPR a la pág. 202. Las "leyes deben interpretarse con miras a lograr resultados sensatos, lógicos y razonables que representen y salvaguarden la efectividad de la intención legislativa". *Rivera Fernández*, 190 DPR a las págs. 202-203 (2014); véase, además, *Rivera de Vicenti*, 108 DPR a la pág. 69.

En fin, y contrario a lo que propone el Municipio, no podemos de forma automática e inflexible interpretar que aplica un requisito cuyo cumplimiento, en las circunstancias de este caso, carecería de fin práctico alguno. El requisito no existe para, de forma arbitraria, privar a un litigante de su día en corte, o para ahorrarle dinero a los municipios sin que se adelante algún otro fin público, sino para proveer un aviso oportuno al municipio que le permita luego defenderse adecuadamente en el tribunal. En este caso, el Municipio tuvo el referido aviso y plena oportunidad de investigar los hechos

rápidamente, por lo que tendrá una más que adecuada oportunidad de defenderse.

## V.

Por los fundamentos expresados, se deniega la expedición del auto solicitado.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Pagán Ocasio disiente con opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| José Arturo Molina Carrión<br><br>Recurrido<br><br>v.<br><br>Municipio Autónomo De San Juan, Et Al.<br><br>Peticionario | KLCE202301469 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2023CV05556<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero, y la Jueza Boria Vizcarrondo.

## VOTO DISIDENTE DEL JUEZ PAGÁN OCASIO

En San Juan, Puerto Rico, a 9 de febrero de 2024.

> **"Dissents speak to a future age. It's not simply to say, 'My colleagues are wrong and I would do it this way.' But the greatest dissents do become court opinions and gradually over time their views become the dominant view. So that's the dissenter's hope: that they are writing not for today, but for tomorrow."** -*Justice Ruth Bader Ginsburg.*

### I.

Muy respetuosamente disiento de la determinación tomada por la mayoría del Panel, por entender que el término dispuesto por el inciso (a) del Artículo 15.003 de la Ley Núm. 121 del 29 de junio de 2018, 21 LPRA sec. 7082 (Ley Núm. 121-2018), enmendado por el Artículo 1.051 del nuevo *Código Municipal de Puerto Rico* (Ley Núm. 107-2020, 21 LPRA sec. 7082) (Código Municipal), para presentarle al alcalde la notificación escrita de daños sufridos por culpa o negligencia del municipio no es de cumplimiento estricto sino un requisito jurisdiccional y, por ende, caduca ante su

incumplimiento. En ese extremo, considero que, la determinación de la mayoría de denegar el *Certiorari* y consecuentemente, sostener la *Demanda* en contra del Municipio Autónomo de San Juan (Municipio o Peticionario), es contrario al propio texto de la Ley Núm. 121-2018, *Íd.*, y trastoca el debido proceso de ley que asiste a todas las partes que comparecen a solicitar justicia. En ese sentido, es evidente que el Tribunal de Primera Instancia (TPI)) carece de jurisdicción y, por ello, desestimaría la *Demanda* del caso de marras presentada en contra el Municipio.

No es necesario reproducir el trasfondo procesal del caso. Me remito al trasfondo consignado en la ponencia mayoritaria.

## II.

### A.

El Tribunal Supremo de Puerto Rico ha reiterado que la jurisdicción es aquel "poder o autoridad de un tribunal para considerar y decidir casos y controversias". ***Cobra Acquisitions, LLC v. Municipio de Yabucoa***, 210 DPR 384, 394 (2022); ***Administración de Terrenos de Puerto Rico v. Ponce Bayland Entreprises, Inc.***, 207 DPR 586, 600 (2021); ***Muni. De San Sebastián v. QMC Telecom***, 190 DPR 652, 660 (2014); ***SLG Solá-Moreno v. Bengoa Becerra***, 182 DPR 675, 682 (2011). En esa línea, los tribunales deben ser celosos guardianes de su jurisdicción y, por ello, debe atenderse con preferencia. ***Muni. De San Sebastián v. QMC Telecom***, supra, en la pág. 660; ***González v. Mayagüez Resort & Casino***, 176 DPR 848, 856 (2009). Lo anterior se debe a que los tribunales "no tiene[n] discreción para asumir jurisdicción donde no la hay". ***Muni. De San Sebastián v. QMC Telecom***, supra, en la pág. 660; ***Souffront v. A.A.A.***, 164 DPR 663, 674 (2005). Ante la ausencia de jurisdicción, es norma conocida que los tribunales deben abstenerse de atender el caso en los méritos y proceder a desestimar el caso. ***Muni. De San Sebastián v. QMC Telecom,***

supra, en la pág. 660; *Carattino v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, 355 (2003); *Vega et al. v. Telefónica*, 156 DPR 584, 595 (2002); *Pagán Alcalde Mun. De Cataño*, 143 DPR 314, 326 (1997).

Por otro lado, "[p]ara adjudicar un caso, el tribunal debe tener 'tanto jurisdicción sobre la materia como sobre las partes litigiosas'". *Cobra Acquisitions, LLC v. Municipio de Yabucoa*, 210 DPR 384, 394 (2022) (citando a *Shell v. Srio. Hacienda*, 187 PR 109, 122 (2012)); *Administración de Terrenos de Puerto Rico v. Ponce Bayland Entreprises, Inc.*, supra, pág. 600. En vista de ello, la falta de jurisdicción es una defensa que no se renuncia. *Shell v. Srio. Hacienda*, supra, pág. 122; véase, además, Regla 10.2 (1) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2. Cuando hay carencia de jurisdicción sobre la materia, esta:

> (1) **no es susceptible de ser subsanada**; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) **puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio**. *Cobra Acquisitions, LLC v. Municipio de Yabucoa*, 210 DPR 384, 394 (2022)(Énfasis Suplido); *Fuentes Bonilla v. ELA*, 200 DPR 364, 372 (2018).

**B.**

Nuestro más alto foro ha expresado que, ante "el lenguaje claro y explícito [de un estatuto,] [e]ste no debe ser tergiversado, malinterpretado ni sustituido". *Puerto Rico Fast Ferries, LLC v. Autoridad de Alianzas Público-Privadas*, 2023 TSPR 121. Los tribunales solo deben suplir la ley cuando existen deficiencias y sea necesario, pues "no p[ueden] usurpar la función de legislar de la Asamblea Legislativa". Íd. En otras palabras, cuando el lenguaje del

estatuto es claro, estamos obligados a respetar la voluntad del legislador. Íd.; ***González Meléndez v. Municipio Autónomo de San Juan***, 2023 TSPR 95; ***San Gerónimo Caribe Project v. Registradora***, 189 DPR 849 (2013).

Sin embargo, la Asamblea Legislativa legisló claramente sobre el asunto en controversia y sobre el Artículo 15.003 de la Ley Núm. 121-2018, *supra,* dispuso:

> Los Artículos 15.003 y 15.004 de la referida Ley, establecen el consentimiento y los límites de responsabilidad de los municipios en caso de demandas por los daños personales o a la propiedad, ocasionados por su culpa o negligencia, y regula el procedimiento que debe seguir toda persona que interesa presentar la reclamación judicial en su contra. Sobre este particular, **el Artículo 15.003 establece como requisito previo el comunicar mediante notificación escrita al alcalde sobre la existencia de una posible reclamación en contra del municipio. <u>Además, en su inciso (b) dispone que el cumplimiento con la notificación al alcalde, de la forma, manera y dentro del término establecido, es un requisito de naturaleza jurisdiccional.</u>**
>
> . . . .
>
> **La doctrina vigente establece que los requisitos establecidos en el Artículo 15.003 son de cumplimiento estricto y no un requisito estrictamente jurisdiccional. Además, se han reconocido jurisprudencialmente múltiples circunstancias que constituyen "justa causa" y que excusan al reclamante del cumplimiento con la notificación requerida por el referido Artículo.**
>
> **En atención a los fundamentos antes mencionados, esta Asamblea Legislativa entiende menester enmendar el Artículo 15.003 de la Ley 81-1991, según enmendada, a los fines de reiterar su intención de forma clara e inequívoca sobre el alcance, forma y manera en que se debe cumplir el requisito de previa notificación escrita al alcalde en caso de reclamaciones de cualquier clase contra un municipio, por daños personales o a la propiedad, ocasionados por la culpa o negligencia del municipio. El cumplimiento cabal con cada uno de los requisitos plasmados en el Artículo 15.003, es una condición previa indispensable sin la cual no se podrá responsabilizar al municipio, ni iniciarse acción de clase alguna en su contra, en reclamaciones por daños causados por culpa o negligencia de este. Además, esta Ley establece que los términos para hacer la notificación, contenidos en el inciso (a) del Artículo 15.003 de la Ley 81-1991, según enmendada, son de caducidad y su**

**incumplimiento es un defecto fatal.** Exposición de Motivos de la Ley Núm. 121-2018, *supra*. (Énfasis suplido y subrayado).

. . . .

En esa línea el artículo en cuestión expresamente indica:

Toda persona que tenga reclamaciones de cualquier clase contra un municipio por daños personales o a la propiedad, ocasionados por la culpa o negligencia del municipio, **deberá presentar una notificación escrita dirigida al alcalde, haciendo constar en forma clara y concisa la fecha, lugar, causa y naturaleza general del daño sufrido. En dicha notificación se especificará, además, la cuantía de la compensación monetaria o el tipo de remedio adecuado al daño sufrido, los nombres y direcciones de sus testigos y la dirección del reclamante, y en los casos de daño a la persona, el lugar donde recibió tratamiento médico en primera instancia.**

(a) Forma de entrega y término para hacer la notificación.-Dicha notificación se entregará al alcalde, se remitirá por correo certificado a la dirección designada por el municipio o por diligenciamiento personal, acudiendo a la oficina del alcalde durante horas laborables, y haciendo entrega de la misma a su secretaria personal o al personal administrativo expresamente autorizado a tales fines.

La referida notificación escrita deberá presentarse dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños reclamados. Si el reclamante está mental o físicamente imposibilitado para hacer dicha notificación en el término antes establecido, no quedará sujeto al cumplimiento del mismo, debiendo hacer la referida notificación dentro de los treinta (30) días siguientes a la fecha en que cese la incapacidad.

Si el perjudicado fuere un menor de edad o una persona sujeta a tutela, la persona que ejerza la patria potestad o la custodia del menor, o el tutor, según fuere el caso, estará obligada a notificar al alcalde la reclamación dentro de los noventa (90) días siguientes a la fecha en que tuvo conocimiento de los daños que se reclaman. Lo anterior no será obstáculo para que el menor o la persona sujeta a tutela haga la referida notificación por su propia iniciativa dentro del término prescrito, si quien ejerce la patria potestad, custodia o tutela no lo hace.

**La referida notificación escrita deberá presentarse dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños reclamados. . . .**

(b) Requisito jurisdiccional.-**No podrá responsabilizarse, ni iniciarse acción de clase alguna**

**contra un municipio, en reclamaciones por daños causados por culpa o negligencia, a menos que el reclamante haga la notificación escrita, en la forma, manera y en los plazos de caducidad dispuestos en esta sección. . . .** *Íd.*, sec. 7082. (Énfasis suplido).

### III.

Como cuestión de umbral, no podemos eludir que, el término de noventa (90) días es jurisdiccional, a tenor con el Artículo 15.003 de la Ley Núm. 121-2018, *Íd.* Este estatuto y sus enmiendas expresamente disponen que la notificación de los daños en un pleito contra un municipio es un requisito jurisdiccional y el plazo de noventa (90) días caduca ante su incumplimiento.

Sin embargo, toda vez que, nuestro más alto foro le otorgó una interpretación distinta al artículo en cuestión, la Asamblea Legislativa se vio obligada a enmendar la *Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991*, Ley Núm. 81 del 30 de agosto de 1991, 21 LPRA secs. 4001 *et seq.* (*derogada*), a través del nuevo Código Municipal, para reiterar de forma clara e indiscutible su intención legislativa; esto es:

> [A] los fines de establecer de forma clara e inequívoca el proceso de notificación al alcalde, requerido en caso de reclamaciones contra un municipio por daños; precisar la forma y manera de entrega de la notificación y que el término para su cumplimiento es uno de caducidad; afirmar el carácter jurisdiccional del requisito de notificación al alcalde; y para otros fines relacionados. Exposición de Motivos de la Ley Núm. 121-2018, *supra* (citando a véase, además, ***Rivera Fernández v. Municipio de Carolina***, 190 D.P.R. 196 (2014); ***Romero Arroyo v. E.L.A.***, 127 D.P.R. 724 (1991); ***Meléndez Gutiérrez v. E.L.A.***, 113 D.P.R. 811 (1983); ***López v. Autoridad de Carreteras***, 133 D.P.R. 243 (1993); ***Méndez Pabón v. Alcalde de Aguadilla***, 151 D.P.R. 853 (2000)).

Contrario a la opinión de la mayoría del Panel, considero que, al examinar el artículo en cuestión, resulta palmario que el mismo ostenta un leguaje claro e inequívoco mediante el cual se desprende que es de carácter jurisdiccional. En otras palabras, no existe espacio para interpretar lo contrario.

De hecho, tal requisito no queda en el vacío. Adviértase que, que el Legislador explicó la importancia de por qué el término es de cumplimiento jurisdiccional:

> [C]ontempl[ado] las virtudes y limitaciones de los municipios para atender sus responsabilidades o funciones delegadas, y cómo estas contrastan e interactúan con el gobierno central. La mayoría de los municipios cuentan con recursos limitados para proveer servicios esenciales a sus ciudadanos. El gobierno estatal posee los recursos para enfrentar un gran volumen de pleitos judiciales, en contraste, para los gobiernos municipales el costo de litigación resulta insostenible. Una decisión judicial adversa podría agotar los recursos fiscales disponibles en las arcas de muchos municipios, comprometiendo su viabilidad operacional y el ofrecimiento de servicios esenciales al pueblo.

Además, mi interpretación del Artículo 15.003 de la Ley Núm. 121-2018, *supra*, a favor del Municipio es cónsona con la intención legislativa:

> Los Artículos 15.003 y 15.004 de la referida Ley, establecen el consentimiento y los límites de responsabilidad de los municipios en caso de demandas por los daños personales o a la propiedad, ocasionados por su culpa o negligencia, y regula el procedimiento que debe seguir toda persona que interesa presentar la reclamación judicial en su contra. Sobre este particular, el Artículo 15.003 establece como requisito previo el comunicar mediante notificación escrita al alcalde sobre la existencia de una posible reclamación en contra del municipio. Además, en su inciso (b) dispone que el cumplimiento con la notificación al alcalde, de la forma, manera y dentro del término establecido, es un requisito de naturaleza jurisdiccional.
>
> . . . .
>
> **Por tal razón, la variada jurisprudencia interpretativa sobre este Artículo basa sus fundamentos en el historial legislativo de la Ley Núm. 104 de 29 de junio de 1955, según enmendada, conocida como la "Ley de Reclamaciones y Demandas contra el Estado". La doctrina vigente establece que los requisitos establecidos en el Artículo 15.003 son de cumplimiento estricto y no un requisito estrictamente jurisdiccional. Además, se han reconocido jurisprudencialmente múltiples circunstancias que constituyen "justa causa" y que excusan al reclamante del cumplimiento con la notificación requerida por el referido Artículo.**
>
> En atención a los fundamentos antes mencionados, esta Asamblea Legislativa entiende menester enmendar el Artículo 15.003 de la Ley 81-1991, según enmendada, a los fines de reiterar su intención de forma clara e inequívoca sobre el alcance, forma y manera en

que se debe cumplir el requisito de previa notificación escrita al alcalde en caso de reclamaciones de cualquier clase contra un municipio, por daños personales o a la propiedad, ocasionados por la culpa o negligencia del municipio. **El cumplimiento cabal con cada uno de los requisitos plasmados en el Artículo 15.003, es una condición previa indispensable sin la cual no se podrá responsabilizar al municipio, ni iniciarse acción de clase alguna en su contra, en reclamaciones por daños causados por culpa o negligencia de este. Además, esta Ley establece que los términos para hacer la notificación, contenidos en el inciso (a) del Artículo 15.003 de la Ley 81-1991, según enmendada, son de caducidad y su incumplimiento es un defecto fatal.** Exposición de Motivos de la Ley Núm. 121-2018, *supra.* (Énfasis suplido).

En vista de ello, el cumplimiento con los requisitos incluidos en el Artículo 15.003 de la Ley Núm. 121-2018, *supra*, sec. 7082, es **"una condición previa <u>indispensable</u> sin la cual no se podrá responsabilizar al municipio**, ni iniciarse acción de clase alguna en su contra, en reclamaciones por daños causados por culpa o negligencia de este". Exposición de Motivos de la Ley Núm. 121-2018, *supra.* (Énfasis Suplido).

Lo anterior es cónsono con la norma interpretativa del nuevo Código Municipal, *supra.* Mediante la aprobación de este código se compiló "toda legislación municipal aprobada por la Asamblea Legislativa de Puerto Rico referente a la organización, gobierno, administración y funcionamiento de los municipios". *Íd.* sec. 7002. Además, se estableció que, "[l]os poderes y facultades conferidos a los municipios por este Código, excepto disposición en contrario, se interpretarán liberalmente a favor de los municipios".

La mayoría resuelve que el demandante cumplió con el requisito de notificación al Municipio a través de la entrega de un formulario de querella administrativa ante la Policía Municipal de San Juan.[1] Lo anterior contrasta y es contrario a lo exigido en el nuevo Código Municipal. De un examen sosegado del referido

---

[1] Apéndice del Recurso de *Certiorari*, Anejo 4, págs. 19-23.

documento resulta palmario que no contiene lo exigido por el Código Municipal para que pueda constituir una notificación adecuada al Municipio. En el mismo <u>no</u> se incluye la cuantía de la compensación monetaria o el tipo de remedio adecuado al daño sufrido, tampoco se mencionan los nombres y direcciones de sus testigos como tampoco el lugar en donde recibió tratamiento. Véase, Artículo 15.003 de la Ley Núm. 121-2018, *supra,* sec. 7082.

Tras un análisis sosegado y cuidadoso de los principios de hermenéutica que rigen la interpretación de estatutos claros y expresos en correcta práctica apelativa, resolvería que el ilustrado foro de primera instancia erró al interpretar que no procedía la desestimación de la *Demanda* contra el Municipio. Ello, al sostener erróneamente que el requisito de notificación "no es práctico ni salvaguarda los intereses que se buscan proteger con su exigencia".[2] Específicamente porque, según el TPI, dicho requerimiento jurisdiccional se satisfizo con la presentación de querellas ante la División Inspección y Asuntos Disciplinarios del Municipio dentro de los noventa (90) días y porque también habían citado testigos como parte de la investigación administrativa de la policía municipal. No obstante, ante un texto claro y expreso, los tribunales deben abstenerse de interpretar más allá de lo que dice el texto para evitar la interferencia con las funciones de la legislatura. A tenor con el Artículo 15.003 de la Ley Núm. 121-2018, *supra.* sec. 7082, para entablar una reclamación contra el municipio por daños, la <u>notificación debe ser por escrito dirigida al alcalde dentro del plazo de caducidad de noventa (90) días.</u> Del expediente del caso de autos se desprende palmariamente que la parte demandante incumplió con el artículo en cuestión, y, además aceptó que no envió una notificación oficial al Municipio. En consecuencia, resolvería que el

---

[2] Íd., Anejo 1, págs. 1-4.

TPI carece de jurisdicción sobre la materia y debe desestimar el pleito en contra del Municipio.

**IV.**

Por los fundamentos expuestos precedentemente, disiento de la decisión mayoritaria.

Ángel R. Pagán Ocasio
Juez de Apelaciones